622 A.2d 401

**CEDARBROOK NURSING HOMES, Elm Terrace Gardens, Fair Acres Geriatric Center, et al., Petitioners,**

v.

**PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1991.

Decided Sept. 9, 1991.

Publication Ordered March 8, 1993.

Gerald Gornish, for petitioners.

Mary Frances Grabowski, for respondent.

Before CRAIG, President Judge and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

CRAIG, President Judge.

The Pennsylvania Department of Public Welfare (DPW) preliminarily objects to the petition for review filed by Cedarbrook Nursing Homes, Elm Terrace Gardens, Fair Acres Geriatric Center, Germantown Home, Golden Slipper Club Uptown Home, Masonic Home, Pennsylvania Memorial Home, Philadelphia Presbytery Homes, Inc., Presbyterian Homes, Inc. Quarryville Presbyterian Home, Saunders House, St. Barnabas Nursing Home, St. Joseph's Manor and the Presbyterian Home at 58th Street, Inc. (Nursing Homes) as a class action in this court's original jurisdiction.

The factual background and issue are identical to the case of *Wesbury United Methodist Community v. Department of Public Welfare,* 142 Pa.Commonwealth Ct. 353, 597 A.2d 271 (1991).

The legislature sought to specify in the General Appropriation Act of 1987 [1] and the subsequent 1988 Supplemental Act [2]

1. Act of July 3, 1987, P.L. 459, No. 9A.
2. Act of June 10, 1988, P.L.1934, No. 4A.

that an increase in the net operating cost reimbursement ceiling for nursing homes under DPW's medical assistance program would take effect on January 1, 1988. The Governor of the Commonwealth of Pennsylvania signed both Acts, but he included with his signature on the 1988 Supplemental Act an instruction to the budget secretary "to disregard the conditional language ... of the bill dealing with the effective date of these appropriations."

The Governor based his decision upon a conviction that the legislature's inclusion of an effective date for the raised ceiling was "substantive language," which art. 3, § 11 of the Constitution of the Commonwealth prohibits in a general appropriation bill.[3]

The Nursing Homes filed its petition in the nature of a class action complaint in mandamus, equity and declaratory judgment, requesting an order (1) that the DPW's regulation implementing an increase in the ceiling for nursing home cost reimbursements from 107% to 115%, effective April 1, 1988, is invalid, and (2) that DPW must obey the legislative mandate to increase the ceiling effective January 1, 1988.

DPW, objecting in the nature of a demurrer to the Nursing Homes petition, asserts that the petition fails to state a claim for which relief may be granted, because "appropriations acts may not substantially alter the existing statutory and regulatory method for reimbursement of nursing facilities." Additionally, DPW, by preliminary objection, (1) attacks the Nursing Homes' addressing of this court's original jurisdiction, and (2) raises the bar of sovereign immunity.

The ultimate issue in this case, as in *Wesbury,* is whether the constitution justifies disregard of an earlier starting date for a raised reimbursement ceiling, when that earlier date is specified in appropriation acts.

In *Wesbury,* this court noted that, because the medical assistance payments are authorized by § 443.1 of the Public

3. Article 3, § 11 provides, in part, that "[t]he general appropriation bill shall embrace nothing but appropriations for the executive, legislative and judicial departments of the Commonwealth, for the public debt and for public schools."

Welfare Code,[4] the establishment of rates must be in accordance with that Code. Because § 443.1(3) of that Code mandates that medical assistance payment rates for skilled nursing home or intermediate care in a non-public nursing home shall be "established by the department," this court concluded that "the General Assembly, not having elected to amend the Public Welfare Code, has left the authority to control reimbursement rates to departmental regulation." *Id.*, 597 A.2d at 273.

Therefore,

because the legislature has delegated the relevant rate-establishing authority to DPW, the legislature's attempt, in the appropriations acts, to establish a new starting date for a rate change went beyond a monetary appropriation, thus violating the proviso within art. 3, § 11 that '[t]he general appropriation bill shall embrace nothing but appropriations . . . .'

*Id.*, at 273. Accordingly, we held that the starting date in the appropriations acts was substantive and therefore unconstitutional.

Because the *Wesbury* decision supports DPW's objection that the Nursing Homes have failed to state a claim for which relief may be granted, there is no need to address DPW's remaining preliminary objections.

Accordingly, DPW's preliminary objection asserting that appropriations acts may not alter the existing statutory method for reimbursement of nursing facilities is sustained, and this case is dismissed.

## ORDER

NOW, September 9, 1991, the preliminary objections of the Department of Public Welfare, as stated in paragraphs 8, 10 and 15, are sustained, and this case is dismissed.

COLLINS and SMITH, JJ., dissent.

4. Act of June 13, 1967, *as amended,* 62 P.S. § 443.1.